UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DONALD R ANTOINE** | **CASE NO. 2:20-CV-00223** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SAFARI FREIGHT INC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 34] and Motion in Limine [*id.*] filed by defendants Safari Freight Inc., Great West Casualty Company, and Roosevelt Bradley, Jr. Plaintiff Donald R. Antoine opposes the motion. Doc. 44.

### I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on February 26, 2019, on US Highway 165 in Allen Parish, Louisiana. Doc. 1, att. 1, p. 3. Plaintiff Donald Antoine alleges that defendant Roosevelt Bradley, Jr. crossed the solid yellow line on the outside lane and into the shoulder, rear-ending and severely injuring Antoine. *Id.* at 3–4. Antoine filed suit against Bradley, Bradley's employer, and their insurer in the 33rd Judicial District Court, Allen Parish, Louisiana. *Id.* at 3–6. The defendants then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

At the time of the accident Antoine was acting in the course and scope of his employment with the Allen Parish Police Jury. Doc. 44, att. 1. He admits that certain medical expenses relating to the accident were paid by his employer and/or by his

employer's worker's compensation carrier. *Id.* He also states that he has settled all claims with his employer and his employer's worker's compensation carrier, including claims for past and future medicals. *Id.* Defendants now bring the instant Motion for Partial Summary Judgment, seeking an order dismissing any claim for medical expenses greater than the amount actually paid by worker's compensation, and a Motion in Limine to exclude any argument or evidence regarding medical expenses greater than those actually paid by worker's compensation. Antoine opposes the motion, arguing that he is entitled to recover the undiscounted amount of any bill that was not paid by worker's compensation. Doc. 44.

## II.
## LEGAL STANDARDS

### A. Summary Judgment

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### B. Motion in Limine

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne*

*Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### III.
### LAW & APPLICATION

As the Fifth Circuit recently summarized:

> The collateral-source rule bars a tortfeasor from reducing his liability by the amount plaintiff recovers from independent sources. It is a substantive rule of law, as well as an evidentiary rule (disallowing evidence of insurance or other collateral payments that may influence a fact finder). [ ] In its simplest form, the rule asks whether the tortfeasor contributed to, or was otherwise responsible for, a particular income source. If not, the income is considered "independent of (or collateral to) the tortfeasor," and the tortfeasor may not reduce its damages by that amount. In practice, the rule allows plaintiffs to recover expenses they did not personally have to pay.

*Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 358–59 (5th Cir. 2016) (internal citations omitted); *see also Bozeman v. State*, 879 So.2d 692 (La. 2004). Under Louisiana jurisprudence, however, the rule does not apply to attorney-negotiated writeoffs or discounts for medical bills obtained as a result of the litigation process. *Hoffman v. 21st Century N. Am. Ins. Co.*, 209 So.3d 702, 706–07 (La. 2015).

In *Simmons v. Cornerstone Investments, LLC*, 282 So.3d 199 (La. 2019), the Louisiana Supreme Court considered the collateral source rule's implications for discounts in the amount of medical expenses paid by worker's compensation. The court noted that

4

the undiscounted amount represented a phantom charge that the plaintiff would never pay, that plaintiff had provided no consideration for his coverage by worker's compensation insurance, and that allowing plaintiff to recover the undiscounted amount would result in a windfall. 282 So.3d at 204–05. Accordingly, it held that the discount obtained through worker's compensation coverage was not a collateral source and that the plaintiff was only entitled to recover the discounted rate of those medical expenses. *Id.* at 206.

Antoine agrees that he is limited to the discounted amount for the medical expenses that worker's compensation covered. He maintains that he is entitled to present evidence of the full amount of any medical bill not paid by worker's compensation and that he is entitled to recover the undiscounted amount on future medical expenses. Doc. 44. Defendants do not address the argument on future medical bills, and the undersigned has already ruled that *Simmons* does not extend to future medicals. *Fuselier v. Everest Nat'l Ins. Co.*, 2021 WL 3184496, at *1–*2 (W.D. La. July 26, 2021). Accordingly, there is no basis for granting summary judgment or a motion in limine regarding Antoine's future medical bills.

As for past medicals, defendants assert that Antoine's recovery for **all** medical expenses already incurred is limited to the worker's compensation schedule. Doc. 46, att. 2. To this end they note that the workers' compensation schedule is set forth under Louisiana Revised Statute 23:1034.2, which also provides that fees in excess of that schedule "shall not be recoverable against the employee, employer, or workers' compensation insurer." *Id.* at § 23:1034.2(D). Accordingly, defendants maintain that they

should not be "penalized by plaintiff's decision to 'private pay' certain medical expenses, rather than submit them through workers' compensation." Doc. 46, att. 2, p. 2.

As the court emphasized in *Simmons*, "the collateral source rule is tethered to payments actually *received* by the plaintiff." 282 So.3d at 203 (emphasis in original); *see also Lee v. United Rentals, Inc.*, 2021 WL 8178557, at *3 (M.D. La. May 28, 2021) ("But *Simmons* . . . only concerned past medical expenses *actually paid*.") (emphasis added). Neither party has submitted evidence of the medical bills at issue. The court cannot determine the reasons behind plaintiff's decision to self-pay, such as whether there was some sort of coverage dispute with worker's compensation carrier. Accordingly, it lacks sufficient information to provide a preliminary ruling on the collateral source rule's application in this matter.

## IV.
### CONCLUSION

For the reasons stated above, defendants' Motion in Limine and Motion for Partial Summary Judgment [doc. 34] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 17th day of December, 2021.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**