UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DONALD R ANTOINE** | **CASE NO. 2:20-CV-00223** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SAFARI FREIGHT INC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 51] filed by plaintiff Donald R. Antoine. Defendants Safari Freight Inc., Great West Casualty Company, and Roosevelt Bradley, Jr. oppose the motion. Doc. 55.

### I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on February 26, 2019, on US Highway 165 in Allen Parish, Louisiana. Doc. 1, att. 1, p. 3. Plaintiff Donald Antoine alleges that defendant Roosevelt Bradley, Jr. crossed the solid yellow line on the outside lane and into the shoulder, rear-ending and severely injuring Antoine. *Id.* at 3–4. Antoine filed suit against Bradley, Bradley's employer, and their insurer in the 33rd Judicial District Court, Allen Parish, Louisiana. *Id.* at 3–6. The defendants then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

At the time of the accident Antoine was acting in the course and scope of his employment with the Allen Parish Police Jury. Doc. 44, att. 1. He admits that certain

medical expenses relating to the accident were paid by his employer and/or by his employer's worker's compensation carrier. *Id.* He also states that he has settled all claims with his employer and his employer's worker's compensation carrier, including claims for past and future medicals. *Id.*

On a prior Motion for Partial Summary Judgment and Motion in Limine, defendants sought an order dismissing any claim for medical expenses in excess of the amount actually paid by worker's compensation and excluding any argument or evidence of same. Doc. 34. To this end they argued that they should not be "penalized by plaintiff's decision to 'private pay' certain medical expenses, rather than submit them through worker's compensation." Doc. 46, att. 2, p. 2. The court denied the motions, agreeing that worker's compensation insurance did not qualify as a collateral source under Louisiana law but noting that it lacked sufficient information to determine if plaintiff had any medical expenses not covered by that source. Doc. 53.

Plaintiff now brings the instant motion in limine, seeking exclusion of the following: (1) any mention of his receipt of worker's compensation benefits or his settlement with the worker's compensation carrier; (2) evidence not already made known to plaintiff, unless the court finds that it is proper impeachment evidence; (3) evidence or questions about when plaintiff decided to retain an attorney; (4) reference to the taxability of damages; (5) references to the absence of witnesses who were equally available to both parties; (6) references to the probable testimony of any absent witness; (7) argument or evidence that

plaintiff's attorney paid his medical bills; and (8) references to the fact that the plaintiff filed this motion. Doc. 51. Defendants oppose the motion and note that they do not anticipate seeking to introduce evidence in any of these categories. Doc. 55. Both sides also point to the court's recent ruling on a similar omnibus motion in limine in *Fuselier v. Everest Nat'l Ins. Co.*, 2021 WL 3184496 (W.D. La. July 26, 2021), and ask the court to rule in like fashion here.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne*

*Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

#### 1. Worker's comp benefits and settlement

The court agrees that evidence of settlements and of any coverage afforded by worker's compensation is of minimal relevance, which is outweighed by the likelihood of prejudice or confusion. The court and parties can determine which amounts may be introduced outside of the presence of the jury. Accordingly, the motion is **GRANTED** in this regard.

#### 2. Evidence not made known to plaintiff, hiring an attorney, taxability of damages, absent witnesses, filing of motion in limine

As the undersigned ruled in *Fuselier*, it is premature to issue a ruling on these matters—especially as it relates to the determination of proper impeachment evidence. The court will defer ruling on the above requests until any of the issues arises at trial.

#### 3. Payment of medical bills

Finally, plaintiff seeks to exclude any evidence or argument that his attorney has paid some of his medical bills. Defendants oppose this request on the grounds that the

4

collateral source rule does not apply to gratuitous write-offs obtained through the litigation process, and that the evidence could therefore become relevant for the purpose of calculating medical expenses. They also emphasize that an issue remains as to why plaintiff's counsel, and not worker's compensation, paid some of his past medical expenses.

>   As the Fifth Circuit recently summarized:
>
>> The collateral-source rule bars a tortfeasor from reducing his liability by the amount plaintiff recovers from independent sources. It is a substantive rule of law, as well as an evidentiary rule (disallowing evidence of insurance or other collateral payments that may influence a fact finder). [] In its simplest form, the rule asks whether the tortfeasor contributed to, or was otherwise responsible for, a particular income source. If not, the income is considered "independent of (or collateral to) the tortfeasor," and the tortfeasor may not reduce its damages by that amount. In practice, the rule allows plaintiffs to recover expenses they did not personally have to pay.

*Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 358–59 (5th Cir. 2016) (internal citations omitted); *see also Bozeman v. State*, 879 So.2d 692 (La. 2004). Under Louisiana jurisprudence, however, the rule does not apply to attorney-negotiated writeoffs or discounts for medical bills obtained as a result of the litigation process. *Hoffman v. 21st Century N. Am. Ins. Co.*, 209 So.3d 702, 706–07 (La. 2015).

The court lacks sufficient information, such as the bills and worker's compensation settlement at issue, to determine whether the amount recoverable can be stipulated and the extent to which any payment arrangement is relevant. Accordingly, it will defer this issue until trial.

### III.
### CONCLUSION

The Motion in Limine [doc. 51] is hereby **GRANTED IN PART** and **DENIED IN PART** as described above, without prejudice to either side's ability to reurge a portion of this motion to the extent the issue presents itself at trial.

**THUS DONE AND SIGNED** in Chambers on this 7th day of January, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**